UNITED STATES, Appellee,

v.

George P. STEINRUCK, Private First
Class, U.S. Army, Appellant.

No. 38,932.
CM 438660.

U. S. Court of Military Appeals.

Aug. 10, 1981.

For Appellant: *Captain James F. Nagle* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner* and *Major Charles A. Byler* (on brief).

For Appellee: *Captain Robert D. Higginbotham* (argued); *Lieutenant Colonel R. R. Boller, Major Ted B. Borek, Captain Harry J. Gruchala* (on brief) and *Major John T. Meixell.*

*Opinion of the Court*

FLETCHER, Judge:

Before a general court-martial composed of officers, the appellant at bar was convicted of heroin sale and sentenced to a dishonorable discharge, 5 years' confinement at hard labor and total forfeiture of all pay and allowances. After approval and affirmance below of the court-martial's findings and sentence, the appellant successfully obtained a grant (9 M.J. 179) of review of the following alleged errors:

A. (Granted Issue III)

THE MILITARY JUDGE ERRED BY ADMITTING PROSECUTION EXHIBIT 3, RECORD OF PROCEEDING UNDER ARTICLE 15, UCMJ, WITHOUT A SHOWING THAT THE PROCEEDING COMPLIED WITH THE REQUIREMENTS OF *UNITED STATES v. BOOKER,* 5 M.J. 238 (C.M.A.1977).

B. (Issue Specified By The Court)

WAS THE INSTRUCTION ON REASONABLE DOUBT ADEQUATE AND SUFFICIENT?

C. (Granted Issue I)

THE MILITARY JUDGE ERRED BY NOT INSTRUCTING THE COURT ON THE DEFENSE OF AGENCY EVEN THOUGH SUCH DEFENSE HAD BEEN RAISED, AS CONCEDED BY THE STAFF JUDGE ADVOCATE AND APPELLATE GOVERNMENT COUNSEL.

While the first two of these issues are without merit, failure to instruct on the defense of agency requires us to reverse the lower court and order a rehearing. We will discuss our resolution of these issues *seriatim.*

A

■ We do not believe the military judge erred in admitting a record of Article 15, 10 U.S.C. § 815 punishment. Examination of the copy of the document appended to the record shows a signature, albeit illegible, entitling this document to a presumption of regularity. The instant case predates *United States v. Mathews,* 6 M.J. 357 (C.M.A. 1979). Appellant urges that the absence of waiver of the right of removal renders the document inadmissible. The majority of this Court has ruled otherwise in a similar circumstance. *United States v. Mack,* 9 M.J. 300 (C.M.A.1980).

B

■ The appellant in this case challenges the propriety of the instructions issued in this case defining reasonable doubt. In the context of the whole charge here, appellant's failure to object or request alternate instructions at trial compels an affirmance on these grounds. *United States v. Salley,* 9 M.J. 189 (C.M.A.1980).

C

At a base club two CID Agents were on the lookout for drug sellers. They testified that the appellant had solicited them for a sale. Appellant, on the other hand, asserted that he was solicited by them in order to procure the drug. According to testimony adduced, the appellant did not initiate the subject of drugs with the agents, or volunteer his services. No negotiation was carried on by him; his role appears to have been conveyance of the price from seller to buyer and then the purchase price from buyers to the sellers in a location specified by one of the buyers. He did not receive any profit on the transaction or use his own funds.

■ It is well established that one who acts in a transaction as a procuring agent is not a seller to that person. *United States*

**324**

*v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972); *United States v. Fruscella,* 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971).

■ If the defense of agency is reasonably raised, the military judge has a duty to instruct the factfinders on it, regardless of defense theories or requests. *United States v. Stewart,* 20 U.S.C.M.A. 300, 43 C.M.R. 140 (1971). *See United States v. Sawyer,* 4 M.J. 64 (C.M.A.1977); *United States v. Graves,* 1 M.J. 50 (C.M.A.1975). Any doubt whether the evidence is sufficient to require an instruction should be resolved in favor of the accused. *United States v. Staten,* 6 M.J. 275 (C.M.A.1979). Nor can we adopt the government's argument that the defense of entrapment fairly embraces the defense of agent for the buyer. The defenses of entrapment and agency may both be utilized in the same case. *See United States v. Henry,* 23 U.S.C.M.A. 70, 48 C.M.R. 541 (1974); *United States v. Suter, supra.*

■ We must turn to the evidence adduced at trial to determine if the defense of agency was, in fact, raised here. In this transaction it is not an unreasonable conclusion that the undercover agents, not the appellant, raised the subject of purchasing drugs and appellant testified that absent their persistence, he "would never have done it." No evidence points to appellant's involvement in drugs, or in a continuing relationship with the seller, although he was aware of the seller's reputation for drug sales. Appellant did not negotiate the price but apparently was unsuccessful in putting the agents in face-to-face contact with the sellers. It is reasonable to view this appellant as a messenger, an agent. He made no assertion about the quality of the drugs. He did not use his own money or make a profit and, as Investigator Lucas confirmed, he did not encourage, request, or accede to future transactions. Thus, our examination of the testimony adduced at trial compels us to conclude that the defense of agency was raised and called for an instruction. Under such circumstances it was prejudicial error to fail to instruct on the agency defense.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge EVERETT concurs.

COOK, Judge (concurring in part and dissenting in part):

I agree with the majority that the record of punishment imposed under Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815, was properly admitted into evidence and the military judge's instruction on reasonable doubt does not require reversal; however, I disagree with the resolution of the remaining issue.

Here, the military judge instructed on the defense of entrapment and defense counsel did not request an instruction on agency. Assuming that the defenses of entrapment and agency are not mutually exclusive as a matter of law (*see United States v. Henry,* 23 U.S.C.M.A. 70, 48 C.M.R. 541 (1974); *United States v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972)), they can be factually inconsistent. The defense of entrapment admits the operative acts of the crime under circumstances of improper inducement by the Government. The defense of agency denies the commission of the offense. I am satisfied that the military judge's instruction properly accommodated counsel's trial strategy and he did not prejudicially err by failing to *sua sponte* instruct on the defense of agency. *See United States v. Salley,* 9 M.J. 189 (C.M.A.1980).

Accordingly, I would affirm the decision of the United States Army Court of Military Review.