UNITED STATES, Appellee,

v.

Derek A. TAYLOR, Private, U.S. Army, Appellant.

No. 57,828.

CM 449180.

U.S. Court of Military Appeals.

May 16, 1988.

For Appellant: *Captain Donna L. Wilkins* (argued); *Colonel John T. Edwards, Major Russell S. Estey, Captain Kathleen A. VanderBoom* (on brief); *Colonel Brooks B. La Grua.*

For Appellee: *Captain Amaury R. Colon* (argued); *Colonel Norman G. Cooper,*

*Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief).

## Opinion of the Court

EVERETT, Chief Judge:

Notwithstanding Taylor's not-guilty pleas, a general court-martial composed of officer members convicted him of rape and conspiracy to commit rape, in violation of Articles 120 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 881, respectively. Additionally, consistent with his pleas, he was convicted of absence without leave (2 days), attempted escape from custody, escape from confinement, and wrongful communication of a threat—violations of Articles 86, 80, 95, and 134, UCMJ, 10 U.S.C. §§ 886, 880, 895, and 934, respectively. Therefore, the court members sentenced appellant to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed in a short-form opinion.

We granted further review of two issues raised by appellant. 25 M.J. 209. The second need not detain us beyond citation to our recent opinion in *United States v. Carter*, 25 M.J. 471 (C.M.A.1988), wherein we held that our decision regarding additional peremptory challenges for an accused is to be applied prospectively only. Accordingly, appellant is entitled to no relief on that basis. The first issue, though—in which appellant contends that the military judge erred in not instructing *sua sponte* on the affirmative defense of mistake of fact in relation to the charges of rape and conspiracy to rape—does require brief discussion.

### A

An honest and reasonable mistake of fact as to the victim's lack of consent is an available defense to a charge of rape. *United States v. Baran*, 22 M.J. 265 (C.M.A.1986); *United States v. Carr*, 18 M.J. 297 (C.M.A.1984). *See* R.C.M. 916(j), Manual for Courts-Martial, United States,

1984. When this defense is in issue, the military judge must deliver appropriate instructions thereon. *See* R.C.M. 920(e)(3). The Government urges, however, that defense counsel's failure to request an instruction on this defense relieved the military judge of his duty in that regard. In support, counsel cites R.C.M. 920(f), which prescribes: "Failure to object to an instruction or to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence of plain error."

The Drafters' Analysis of the rule indicates that this provision "is based on the last two sentences in Fed.R.Crim.P. 30," *see* App. 21, p. A 21–60, R.C.M. 920(f), Manual, *supra*. It goes on to cite this Court's decisions in *United States v. Grandy*, 11 M.J. 270 (C.M.A.1981), and *United States v. Salley*, 9 M.J. 189 (C.M.A.1980); and presumably, the drafters believed that these precedents were consistent with Fed. R.Crim.P. 30.

Neither of these cases, however, specifically concerned instructions on affirmative defenses. Moreover, both predated our decision in *United States v. Steinruck*, 11 M.J. 322, 324 (C.M.A.1981), in which we clearly held that a "military judge has a duty to instruct" on affirmative defenses reasonably raised by the evidence, "regardless of defense theories or requests." The failure of the drafters to refer to *Steinruck* or any other case involving affirmative defenses, and their reliance on *Grandy* and *Salley*, which did not concern affirmative defenses, suggest that they did not view Fed.R.Crim.P. 30 as inconsistent with our precedents concerning the judge's *sua sponte* duty to instruct on affirmative defenses. R.C.M. 920(e) refers to certain "[r]equired instructions," which includes various affirmative defenses. It appears to us that R.C.M. 920(f) does not focus on "[r]equired instructions" such as those on reasonable doubt, elements of the offenses, and affirmative defenses but instead focuses on those instructions which are mentioned in R.C.M. 920(e)(7).

We note also that, from its earliest days, this Court has rested the duty to instruct on affirmative defenses primarily on Article 51(c) of the Uniform Code, 10 U.S.C. § 851(c), rather than on Manual provisions. *See, e.g., United States v. Ginn*, 1 U.S.C. M.A. 453, 4 C.M.R. 45 (1952). There, Chief Judge Quinn pointed out:

> The obvious intendment of Article 51(c) is to provide the court with the framework of legal issues to which the evidence must be fitted in order to render intelligent findings. "Whatever the degree of guilt, those charged with a Federal crime are entitled to be tried by the standards of guilt which Congress has prescribed." ... Applying these standards to the necessity of instructions on certain affirmative defenses, we think it may fairly be said, as a generality, that the court is insufficiently informed as to the "law of the case" without legal explanation of these defenses where properly raised.

(Citation omitted.) On this premise, he reasoned that "there is as much necessity, in a proper case, for instructions as to circumstances which will reduce murder to excusable homicide as there is for instructions as to circumstances that will reduce murder to manslaughter or negligent homicide." *Id.* at 456, 4 C.M.R. at 48. Ultimately, the Court ruled in *Ginn* that self-defense was not adequately raised by the evidence; but it did not suggest that failure of defense counsel to request a self-defense instruction had waived the accused's rights thereto.

From the time of the Court's unanimous opinion in *Ginn* until the present, it apparently never has taken the position that an accused's right to an instruction on affirmative defenses was waived by the absence of a request. Instead, in cases like *Steinruck*, the Court affirmed that the military judge had a *sua sponte* duty to give such an instruction. Since this principle seems so well-established, we do not believe that

the drafters of the 1984 Manual would have attempted to change it without giving a more specific indication of that intent.[1] Thus, as Judge DeFord held in his persuasive opinion for a unanimous court in *United States v. Johnson*, 25 M.J. 691 (A.C.M.R.1987), we conclude that the right to an instruction on reasonable mistake of fact in a rape case, when appropriately raised, is not waived by a defense failure to request such an instruction.

## B

■ Of course, the military judge's duty to give the instruction exists only when the evidence reasonably raises the affirmative defense. In *Ginn*, which concerned instructions to the members in a murder trial, the Court reasoned

> that, since the duty to instruct on self-defense must spring from the same source as, and is directly related to, the duty to instruct on lesser included offenses, the same test should apply in each instance. There must be some evidence from which a reasonable inference can be drawn that the affirmative defense was in issue.

1 U.S.C.M.A. at 457, 4 C.M.R. at 49. We believe that, with respect to other offenses and other affirmative defenses, a parallel also exists between the test for a *sua sponte* duty to instruct on a lesser-included offense and the test for instructing on an affirmative defense. *United States v. Heims*, 3 U.S.C.M.A. 418, 12 C.M.R. 174 (1953). Thus, in the present context, we can apply the standard which the Court used in *United States v. Jackson*, 12 M.J. 163, 166–67 (C.M.A.1981), in discussing a military judge's duty to instruct *sua sponte* on a lesser-included offense:

> It is not necessary that the evidence which raises an issue be compelling or convincing beyond a reasonable doubt. Instead, the instructional duty arises whenever "some evidence" is presented

---

**1.** If they had intended to change this principle, it is questionable that they could have done so, in view of its statutory basis.

to which the fact finders might "attach credit if" they so desire. (Citation omitted.)

## C

■ Unfortunately for appellant, our scrutiny of the record has not uncovered " 'some evidence' ... to which the fact finders might 'attach credit if' they so desire[d]." The allegations of the conspiracy charge were that Taylor and four other soldiers conspired to commit rape and that, "in order to effect the object of the conspiracy," each of the five men raped the victim. The military judge instructed the court members that to convict appellant of this offense, they should be convinced beyond a reasonable doubt that he had "entered into an agreement with" the four other soldiers named in the specification "to commit rape, an offense under the Uniform Code of Military Justice; and that, while the agreement continued to exist and while" he "remained a party" thereto, appellant and the four other soldiers "performed the overt acts alleged and that is, they each raped Mrs. Price and that was for the purpose of bringing about the object of their agreement." The judge also instructed that Taylor could be found "guilty of conspiracy only if" the members were "convinced beyond reasonable doubt that at least one of the" five rapes alleged as "overt acts" had been committed and that, "if you find beyond a reasonable doubt that the accused or a co-conspirator committed one or more of the described overt acts but not all of them, your findings should reflect this by appropriate exceptions."

If the only overt act alleged had been the rape of the victim by appellant, then mistake of fact, if reasonably raised as to that rape, would thereby also be raised as to the conspiracy charge.[2] However, even if the mistake defense were raised as to Taylor's rape of the victim, there is no evidence that

all his co-conspirators had a mistaken belief that the victim was consenting; and so the overt acts—the rapes—that they committed would not be subject to this defense. Thus, there would be proof of overt acts to sustain the conspiracy charge, regardless of any mistaken belief the accused may have had.

■ Furthermore, our examination of the evidence convinces us that the mistake defense was not available even as to the alleged rape of the victim by Taylor. His version of events is contained in pretrial statements offered in evidence by the prosecution, rather than in any testimony by him at trial. According to this version, while he "was getting ready to have sex with" the victim,

> she looked at me and said, 'If I get up, can I go home, it hurts' or something like that. I could tell by the look on her face that she did not want to have sex with me. I had not actually penetrated her vagina with my penis at that point and I just stopped what I was doing and got off. I went to the bathroom and put my clothes on because the room was dark.... [W]hen I was on her, I was like holding onto her arms, but I was not trying to hold her down and keep her from going anywhere.

He did "not have sexual intercourse with the woman," "[b]ecause when I started to get on she looked up at me and said 'No, I want to go home.' I just stopped because I knew she did not want to have sex with me."

This account by appellant relies on an absence of penetration—which was argued by defense counsel to the court members—rather than on mistake. The defense also maintained that the victim had consented to repeated intercourse with all five soldiers. There was no suggestion from counsel that she might not have consented but that the

2. Quite frequently the substantive crime, which is the object of the conspiracy, constitutes the overt act which is alleged in the conspiracy charge. In that situation, an affirmative defense which relates to the overt act also would seem to constitute a defense to the conspiracy charge since proof of the overt act is required for conviction of the conspiracy. If, however, other overt acts are alleged, the conspiracy charge might not be subject to the defense of mistake.

soldiers honestly and reasonably believed she had. Although the defense theory at trial is not dispositive in determining what affirmative defenses have been reasonably raised by the evidence (*see United States v. Steinruck, supra* ) the utter absence of any hint of a mistake defense in any of the defense counsel's many sidebar discussions with the military judge or in his lengthy argument to the members on findings confirms our own evaluation of the evidence. *Cf. United States v. Carr, supra.* Thus, there is no basis to assume that defense counsel simply overlooked the availability

of this defense.[3] Instead, he recognized that mistake of fact was not reasonably raised by the evidence presented at trial.

### D

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN concurs.

COX, Judge (concurring):

I concur. *See* my opinion in *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986).

---

3. *Carr* had been decided long before appellant's trial; and so, defense counsel presumably was well aware that this Court had recognized the defense of honest and reasonable mistake in rape cases.