BAKER, Judge
(dissenting):
I agree with the majority’s conclusion that Appellant waived, or sought to waive, the affirmative defense of mistake of fact with respect to the lesser included offense of battery. The military judge asked defense counsel, “[a]nd there doesn’t appear to be any mistake of fact instruction with regard to battery. Are you requesting one?” Defense counsel’s response is plain and unambiguous: ‘Your Honor, I simply do not want to request one for the battery.” Although it is possible for lawyers to craft language that is more direct and plain than this language, there is not much room to do so.
However, the majority does not address the resulting and underlying question— whether a military judge has a sua sponte duty to instruct on an affirmative defense that is reasonably raised, regardless of an apparent affirmative waiver. On this point, the majority concludes that “even if an affirmative defense is reasonably raised by the evidence, it can be affirmatively waived by the defense.” This position is supported by a citation to United States v. Barnes, 39 M.J. 230, 233 (C.M.A.1994). Barnes in turn cites United States v. Strachan, 35 M.J. 362, 364 (C.M.A.1992), as purported authority for the proposition. However, Strachan is a case addressing waiver of an instruction on a lesser included offense rather than waiver of an instruction on an affirmative defense. Id.
The lead opinion does not address the language in United States v. Taylor, 26 M.J. 127 (C.M.A.1988) or United States v. Steinruck, 11 M.J. 322 (C.M.A.1981), in which this Court stated that “a ‘military judge has a duty to instruct’ on affirmative defenses reasonably raised by the evidence, ‘regardless of defense theories or requests.’” Taylor, 26 M.J. at 128 (quoting Steinruck, 11 M.J. at 324). The Taylor court stated that this principle was “so well-established” and is based on Article 51(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 851(c) (2000), not Rule for Courts-Martial (R.C.M.) 920(f)- Id. at 128-29. However, at the same time Taylor also states that “with respect to other offenses and other affirmative defenses, a parallel also exists between the test for a sua sponte duty to instruct on a lesser-ineluded offense and the test for instructing on an affirmative defense.” Id. at 129. Thus, while it is well settled that an accused can waive a lesser included offense, United States v. Mundy, 2 C.M.A. 500, 9 C.M.R. 130 (1953), it is not settled that an accused can waive an affirmative defense, or if so, which ones. In light of the significance of the reasonable doubt principles involved, this Court should address the underlying issue directly. Then, it should either expressly overrule Taylor and Steinruck and state its reasons for doing so, or affirm the decision of the United States Army Court of Criminal Appeals not just on the ground of waiver, but on the necessarily correlated ground that an instruction on the affirmative defense presented was not required to be provided sua sponte by the military judge.[1]
*379 On the one hand, Article 51(c), UCMJ,[2] and R.C.M. 920(e)[3] appear to be consistent with the legal policy principle that a court-martial is a factfinding process intended to serve justice and not merely serve as a forum for the demonstration of trial advocacy and tactics. If a court's concern is ultimately in determining beyond a reasonable doubt whether an accused is guilty, then we should read Article 51(c), UCMJ, and especially R.C.M. 920(e) to mean what they say: an instruction on an affirmative defense or lesser included offense is required if reasonably raised. Society’s interest in justice should prevail over any tactical advantage counsel may foresee in requesting an instruction on an affirmative defense to a greater offense, but purportedly waiving that same defense to the lesser included offense.
On the other hand, the Supreme Court and this Court have long held that an accused can waive certain core constitutional rights, such as the right to trial itself, provided the accused does so knowingly and voluntarily on the record. See United States v. Care, 18 C.M.A. 535, 538-40, 40 C.M.R. 247, 250-52 (1969). However, an accused cannot waive some rights. Once he decides to plead not guilty and exercise his right to a trial on the merits, an accused cannot waive the government’s burden to prove his guilt beyond a reasonable doubt. Consistent with this precedent, in military practice an accused can affirmatively waive an instruction on a lesser included offense, and in effect make the tactical decision to gamble on a conviction of the greater offense or full acquittal. This is sometimes referred to as the “all-or-nothing doctrine.” Catherine L. Carpenter, The All- or-Nothing Doctrine in Criminal Cases: Independent Trial Strategy or Gamesmanship Gone Awry?, 26 Am. J.Crim. L. 257 (1999). This practice is consistent with the legal policy that where an accused’s liberty and reputation are at stake, he ought to have the opportunity to present his defense based on his theory of the case and to employ the tactics best suited to support that theory.
If this latter position is the correct legal position, as this Court has held regarding lesser included offenses, then the question is whether the same conclusion should be reached in the case of an affirmative defense that is reasonably raised. After all, the Taylor Court expressed its belief that “with respect to other offenses and other affirmative defenses, a parallel also exists between the test for a sua sponte duty to instruct on a lesser-included offense and the test for instructing on an affirmative defense.” 26 M.J. at 129. The requirement to instruct in both instances is premised on the same article of the UCMJ and the same provision in the Manual for Courts-Martial, United States (MCM). Thus, absent a compelling legal reason why an instruction on a lesser included offense might be waived, but an instruction on an affirmative defense may not, the rule as to both should be the same and this Court should expressly overrule Taylor.
However, a compelling legal reason for treating the two situations differently can be found in the government’s burden of proof *380 beyond a reasonable doubt. Regarding affirmative defenses, the MCM states, “Except for the defense of lack of mental responsibility and the defense of mistake of fact as to age ... in a prosecution for carnal knowledge, the prosecution shall have the burden of proving beyond a reasonable doubt that the defense did not exist.” R.C.M. 916(b). The Drafters’ Analysis to R.C.M. 916(b) states that “[t]his subsection is based on the fourth paragraph of paragraph 214 of the MCM, 1969 (Rev.).” MCM, Analysis of the Rules for Courts-Martial app. 21 at A21-63 (2005 ed.). The fourth paragraph of paragraph 214 of the revised edition of the 1969 MCM states: “The burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the Government, both with respect to those elements of the offense which must be established in every case and with respect to issues involving special defenses which are raised by the evidence.” Thus, while it is permissible to assign the burden of proving affirmative defenses to the accused, see Patterson v. New York, 432 U.S. 197, 215-16, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); Martin v. Ohio, 480 U.S. 228, 234-36, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), the President has granted the military accused a degree of process that requires the government to disprove certain affirmative defenses as part of its ultimate burden of proving the offense beyond a reasonable doubt. Because an accused is presumed innocent, in cases where such an affirmative defense is reasonably raised, and where the government does not rebut or answer such a defense, a reasonable doubt as to guilt should arise. While an accused can waive many constitutional rights, an accused cannot waive the government’s burden at trial of proving guilt beyond a reasonable doubt. See In re Winship, 397 U.S. 358, 363-64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
For these reasons, I would conclude that for those defenses in which the government bears the burden of rebutting a reasonably raised defense, an accused cannot waive the instruction anymore than he can waive the application of the reasonable doubt standard. However, if the accused has the burden of raising an affirmative defense, as well as the burden of persuasion and the burden of proof, an accused should be allowed to waive the defense.
The waiver of a lesser included offense is distinct from the waiver of an affirmative defense for which the government bears the burden of rebuttal. In the case of a waived lesser offense, the government is not relieved of its burden to prove the offense beyond a reasonable doubt. In undertaking its burden to prove the greater offense beyond a reasonable doubt, the government will necessarily also shoulder its burden to prove the lesser offense beyond a reasonable doubt. However, allowing the lesser offense to go to the members and purportedly waiving a raised affirmative defense to that offense amounts to waiving the government’s burden of proving the lesser offense beyond a reasonable doubt.
In this case, Appellant was charged with assault with intent to commit rape. Neither the parties nor the majority take issue with the fact that the lesser offenses of indecent assault and assault consummated by a battery were raised. Nor is there disagreement at this point that the affirmative defense of mistake of fact was raised as to the charged offense, as well as both lesser included offenses. Since the military judge gave a mistake of fact instruction regarding the charged offense and the lesser offense of indecent assault, the debate now hinges on whether Appellant waived an instruction on the defense to assault consummated by a battery. As the defense is one for which the Government had the burden of disproving beyond a reasonable doubt under R.C.M. 916(b), I conclude that notwithstanding defense counsel’s purported affirmative waiver of the defense, the military judge was required to give the instruction once the members were also instructed on the lesser included offense of assault consummated by a battery. Had Appellant waived this lesser included offense, then an instruction on the affirmative defense would not have been required. As a result, I respectfully dissent.

. The majority responds with a discussion of case law. However, the case law is uncertain and does not address the question ultimately raised in this case. The issue for this Court is not how best to interpret this Court’s past precedent, but what precedent this Court will set as to whether an accused can affirmatively waive the government’s obligation to prove guilt beyond a reasonable doubt where the government bears the burden of rebutting an affirmative defense that is reasonably raised. Whatever one’s position on this question, it merits analysis.

. This statutory provision reads as follows:
(c) [T]he military judge ... shall ... instruct the members of the court as to the elements of the offense and charge them—
(1) that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond reasonable doubt;
(2) that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and he must be acquitted;
(3) that, if there is reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt; and
(4) that the burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the United States.

. This rule reads in relevant part:
(e) Required instructions. Instructions on findings shall include:
(1) A description of the elements of each offense charged, unless findings on such offenses are unnecessary because they have been entered pursuant to a plea of guilty;
(2) A description of the elements of each lesser included offense in issue, unless trial of a lesser included offense is barred by the statute of limitations ... and the accused refuses to waive the bar;
(3) A description of any special defense under R.C.M. 916 in issue[.]