*547 PENLAND, Judge-,
with whom Senior Judge TOZZI and Judge CAMPANELLA join,
concurring in part and concurring in the result:
I concur with the majority opinion, including its conclusion that the correct standards of review in this case are de novo and plain error. However, I disagree with a significant portion of the majority’s supporting analysis regarding the path to the plain error standard.
We review de novo the adequacy of a military judge’s instructions to the factfinder. United States v. Stanley, 71 M.J. 60, 62 (C.A.A.F. 2012). Article 51 of the UCMJ requires a military judge to instruct a panel on, inter alia, any defenses which the evidence reasonably raises. United States v. Taylor, 26 M.J. 127, 129 (C.M.A. 1988). “Where there is no waiver, and in the absence of an objection, we test the instructions provided by the military judge for plain error based on the law at the time of appeal.” United States v. Girouard, 70 M.J. 5, 11 (C.A.A.F. 2011) (citing United States v. Harcrow, 66 M.J. 154, 159 (C.A.A.F. 2008)). These principles describe the correct appellate perspective to review this instructional dispute; in other words, forfeiture is not a prerequisite to plain error review.
Considering Taylor and the considerable line of eases following it, I must therefore depart from the majority’s holding that an appellant may forfeit such an instruction by not requesting it or objecting to its omission. No case cited in the majority’s opinion so holds. Assuming arguendo that a discussion of forfeiture is required, we should hold that an appellant does not forfeit the benefit of this instruction by failing to request it or failing to object to a list of instructions which omits it. To hold otherwise contravenes stare decisis and deprives this statutory right of its sua sponte[14] nature which our superior court has emphasized multiple times. Taylor, 26 M.J. 127; United States v. Brown, 43 M.J. 187, 190 (C.A.A.F. 1995); United States v. Davis, 53 M.J. 202, 205 (C.A.A.F. 2000); Stanley, 71 M.J. at 63[15]; United States v. Payne, 73 M.J. 19, 24 (2014); United States v. MacDonald, 73 M.J. 426, 435 (C.A.A.F. 2014); United States v. Davis, 73 M.J. 268, 272 (2014).
Lest readers interpret this concurrence as a pedantic treatment of something that does not matter—after all, I agree with the ultimate standards of review here—I hasten to emphasize the reason for my concern regarding the expansion of forfeiture. With today’s opinion, the majority reduces a trial judge’s burden to correctly instruct a fact finder on fundamental matters of law applicable to a case. This development increases the risk of unreliable results.
Notwithstanding our divergence of opinion regarding forfeiture, I fully agree with the majority’s conclusion that appellant was not entitled to the instruction as a matter of law. Appellant’s statement—“I thought she was joking until I saw her crying.”—made under the circumstances which the majority describes, did not amount to “some evidence of an honest and reasonable mistake to which the members could have attached credit if they had so desired.” United States v. Hibbard, 58 M.J. 71, 75 (C.A.A.F. 2003). For this reason, I concur in the result.

. Sua sponte—"Of his or its own will or motion; voluntarily; without prompting or suggestion.” Black's Law Dictionary 1277 (5th ed, 1979).

. According to Stanley, "waiver does not apply to ' “required instructions” ’ such as ... affirmative defenses[.]” Stanley, 71 M.J. at 63 (quoting Davis, 53 M.J. at 205 (quoting Taylor, 26 M.J. at 128)). It follows that forfeiture is similarly inapplicable. But see Payne, 73 M.J. at 23, “treating] as waived” an instructional error where defense counsel "refus[ed] to assist the military judge in correcting any alleged instructional error at the trial level.”