Private E2 Paul E. SULLIVAN, Jr., 217–08–4495, United States Army, Petitioner,

v.

Major General Guy A.J. LaBOA, Commander, Fort Carson; and the United States of America, Respondent.

**ACMR MISC 9102688.**

U.S. Army Court of Military Review.

16 Jan. 1992.

Before NAUGHTON, HOWELL and JOHNSTON, Appellate Military Judges.

NAUGHTON, Senior Judge:

On 16 December 1991, contrary to the petitioner's pleas, the military judge sitting as a general court-martial convicted the petitioner of violating a lawful general regulation and aggravated assault with a firearm (three specifications), in violation of Articles 92 and 128, Uniform Code of Military Justice, [hereinafter UCMJ], 10 U.S.C. §§ 892 and 928 (1982). He was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E1. On 19 December 1991, the petitioner requested deferment of confinement. The general court-martial convening authority denied the petitioner's request without stating any rationale on 24 December 1991.

This case is currently before the court pursuant to a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus in which the petitioner requests that the court order the convening authority to release the petitioner from confinement pending the appeal of his case. The petitioner asserts that the respondent convening authority abused his discretion in denying the request for deferment of confinement by failing to articulate specific reasons for denying the request for deferment. See United States v. Brownd, 6 M.J. 338 (C.M.A.1979).

Upon initial consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus, the Brief in Support of Petition, and Memorandum denying Petitioner's request for deferment of confinement, we determined that the Memorandum denying the request for deferment neither sets forth the factors considered nor the bases for the convening authority's action. Consequently, there was insufficient material before us to review the denial of the request for deferment of confinement. Accordingly, this Court ordered the convening authority who denied the request for deferment to prepare and forward to this Court within ten (10) days from the date of the receipt of our order an affidavit clearly setting forth the rationale and bases for his decision denying the petitioner's request for deferment of confinement.[1]

In Longhofer v. Hilbert, 23 M.J. 755 (A.C.M.R.1986), this Court held that a convening authority's post facto affidavit, executed nineteen days after the accused petitioned for extraordinary review of the convening authority's refusal to defer the accused's confinement pending appeal, stating his reasons for the refusal, would not be considered in determining whether the convening authority abused his discretion. We note however, that although the Government's writ appeal petition was denied, Longhofer v. Hilbert, 24 M.J. 62 (C.M.A.1987), the Court of Military Appeals did grant the Government's motion to file the convening authority's affidavit.

Under similar circumstances, this Court has admitted and considered a post facto affidavit from a convening authority to resolve whether the convening authority abused his discretion. See United States v. Modesto, ACMR 9002861, (A.C.M.R. 30 November 1990) (Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus denied), 32 M.J. 374 (C.M.A. 1991) (summary disposition-writ appeal petition denied).

We find the admission of affidavits from a convening authority to aid in the consideration of whether a convening authority abused his discretion in refusing to grant a deferment of confinement to be the better view. We also caution convening authorities to clearly set forth the rationale and bases for denying an accused's request for deferment of confinement.

On further consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus, the Brief in Support of the Petition and the affidavit of the

---

1. See Longhofer v. Hilbert, 23 M.J. 755, 758 (A.C.M.R.1986), writ appeal petition denied, 24 M.J. 62 (C.M.A.1987) (motion to file affidavit granted).

convening authority which was ordered by this Court, we have determined that the Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus should be denied.

Judge HOWELL and Judge JOHNSTON concur.