## UNITED STATES

v.

**Airman First Class Judd WEINMANN, FR185–64–2892, UNITED STATES AIR FORCE.**

**ACM 29618.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Oct. 1991.

Decided 24 June 1993.

Colonel Brenda J. Hollis, and Major Paul H. Blackwell, Jr.

Before LEONARD, JAMES, JOHNSON and STUCKY, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSON, Judge:

Contrary to his pleas, Airman Weinmann was convicted of aggravated assault, assault consummated by a battery, and willfully damaging government property.[1] He raises two issues before us, neither of which warrants relief. We affirm.

The charges against Airman Weinmann arose out of two altercations that occurred 2 weeks apart at Barksdale Air Force Base, Louisiana. In the first incident, Airman Weinmann became involved in a dispute with a male civilian in the airman's club. They went outside, whereupon a crowd gathered, some members of which were apparently hostile to Airman Weinmann. Airman Weinmann deliberately broke two windows of the airman's club and either threw or swung a beer bottle that struck a bystander in the face, inflicting cuts and bruises. In a second incident in his barracks, Airman Weinmann struck another airman in the face with his fist, breaking his nose.

## INSTRUCTIONS ON SELF–DEFENSE

At trial the military judge instructed the members on the special defense of self-defense concerning the charges of destruction of government property and the assault in the barracks, but he did not instruct the members that they should consider self-defense as a potential defense to the beer bottle assault outside the airman's club. Airman Weinmann now argues the military judge committed plain error by not giving such an instruction. We disagree.

The testimony at trial was in general agreement as to some of the facts, but it conflicted sharply as to others. It was uncontroverted that Airman Weinmann and the unidentified civilian agreed to go outside to settle their dispute, and that 10 to

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Major George F. May.

Appellate Counsel for the United States: Colonel William T. Hoffman, Lieutenant

1. Articles 108, 128 UCMJ; MCM, Part IV, paragraphs 32, 54 (1984).

15 persons followed to watch. There was testimony that two to five of the crowd's front rank took the side of the civilian, and loudly taunted Airman Weinmann about declining the civilian's invitation to go with him around the corner of the building. The testimony was in conflict about whether Airman Weinmann, or the civilian, or both, had beer bottles in their hands. Most of the witnesses testified that no blows were struck before Airman Weinmann broke the two windows and struck the victim with the beer bottle, but one witness testified members of the crowd directed blows at Airman Weinmann before those events. One witness testified he saw Airman Weinmann throw the beer bottle that struck the victim. Another testified he saw Airman Weinmann strike the victim with a beer bottle held in his hand. The victim said his head was turned and he didn't see where the bottle came from. Several other witnesses testified they never saw Airman Weinmann with a beer bottle, but that the civilian had one. Several witnesses testified the mood of the crowd was threatening toward Airman Weinmann.

The defense theory was that Airman Weinmann had nothing whatever to do with the beer bottle that struck the victim. During an Article 39(a) session during which the military judge discussed findings instructions with counsel for both sides, the military judge asked the defense counsel if he desired an instruction on self-defense in connection with this incident.[2] Defense

counsel said he did not, because it would be contrary to the defense theory of the case. This position was consistent with the defense strategy, since it would have been hard to argue credibly at the same time that the accused did not do the act charged, but if he did do it he was only defending himself. The question for our decision is whether the military judge erred by not giving an instruction on self-defense *sua sponte* in these circumstances.

■ Self-defense is a special defense described in R.C.M. 916(e). The military judge is required by R.C.M. 920(e)(3) to give instructions on any special defense in issue. A defense is placed in issue whenever "some evidence" is presented raising the defense. R.C.M. 916(b). Any doubt whether the evidence raises an affirmative defense requiring an instruction should be resolved in favor of the accused. *United States v. Van Syoc*, 36 M.J. 461, 464 (C.M.A.1993); *United States v. Steinruck*, 11 M.J. 322, 324 (C.M.A.1981).[3] In this case there was testimony from one witness that several hostile members of the crowd threw punches at Airman Weinmann before the incident with the beer bottle. We conclude there was sufficient evidence to put the question of self-defense in issue.[4]

■ R.C.M. 920(f) provides that failure to object to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence

2. Our review of this issue was hampered to a minor degree by the fact that the military judge conducted part of his discussion of instructions with counsel in an R.C.M. 802 conference, which was unrecorded except for a brief summary recited by the military judge during the Article 39(a) session on findings instructions. The Court of Military Appeals has expressed the view that discussion of instructions should be conducted on the record, rather than in an R.C.M. 802 conference. *United States v. Sadler*, 29 M.J. 370, 373 n. 3 (C.M.A.1990). This case provides an example of the wisdom of that policy. The military judge's summary of the R.C.M. 802 conference and the statements of position by counsel on the record are adequate in this case to inform us of the positions of the parties at trial, but a verbatim transcript of the discussions would have been preferable. We urge military judges to always conduct discussions of instructions on the record.

3. For a recent decision in which the members of the Court of Military Appeals expressed conflicting views as to whether there was sufficient evidence in the record to require the military judge to instruct *sua sponte* on the defense of mistake of fact, *see United States v. Buckley*, 35 M.J. 262 (C.M.A.1992).

4. This same evidence was the basis on which the military judge, at the request of the defense, instructed the members on self-defense as a defense to the charge of destruction of government property. Airman Weinmann broke the two windows of the Airman's Club immediately before the beer bottle incident. His motive for doing so was unclear, but some of the witnesses speculated he was making a show of force to dissuade threatening members of the crowd from attacking him.

of plain error. The Court of Military Appeals has been reluctant to apply this waiver rule with full vigor. *United States v. Taylor*, 26 M.J. 127, 129 (C.M.A.1988) (an instruction on an affirmative defense is not waived by a mere failure to request it); *Steinruck*, 11 M.J. at 324 (the defense theory of the case is not dispositive in determining what affirmative defenses have been reasonably raised by the evidence). The broadest language in this line of cases can be found in *United States v. Graves*, 1 M.J. 50 (C.M.A.1975), which contains the following passage:

> What we do reject is the notion that the legality of a criminal trial may be measured by the same standards applicable to a game of chance. The trial judge is more than a mere referee, and as such he is required to assure that the accused receives a fair trial. Advocacy leaves the proceedings at the juncture of instructing the court members. Irrespective of the desires of counsel, the military judge must bear the primary responsibility for assuring that the jury properly is instructed on the elements of the offenses raised by the evidence as well as potential defenses and other questions of law. Simply stated, counsel do not frame issues for the jury; that is the duty of the military judge based upon his evaluation of the testimony related by the witnesses during the trial. *Id.* at 53.

We note, however, that the issue in *Graves* was the military judge's failure to give an instruction on the voluntariness of a confession (which is no longer required in military practice), so the discussion of instructions on affirmative defenses was dicta.

In *United States v. Strachan*, 35 M.J. 362 (C.M.A.1992), the Court of Military Appeals held that instructions on lesser included offenses can be affirmatively waived by the defense, unless the failure of the military judge to give the instruction *sua sponte* would be plain error:

> An affirmative waiver is not the same as a passive failure to request an instruction or object to its omission. *See United States v. Taylor*, 26 M.J. 127 (C.M.A.

1988). Even if they were equivalent, the failure to make a timely and specific objection at the trial level waives any objection on appeal "in the absence of plain error." R.C.M. 920(f), Manual for Courts–Martial, United States, 1984; *United States v. McLemore*, 10 M.J. 238 (C.M.A.1981); *United States v. Jones*, 24 M.J. 827, 829 (A.C.M.R.1987).

This court has observed that the plain-error doctrine "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Fisher*, 21 M.J. 327, 328–29 (C.M.A.1986), *quoting United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592, n. 14, 71 L.Ed.2d 816 (1982). In order to constitute plain error, appellant must show that an obvious, substantial error occurred and that the error had an unfairly prejudicial impact in his case. *Id.* 35 M.J. at 364.

We conclude this analysis applies fully to Airman Weinmann's case. A military judge's duty to instruct on special defenses is in all significant aspects equivalent to the duty of the military judge to instruct on lesser included offenses. We hold that where, as in this case, an instruction on self-defense is affirmatively waived by the defense, the issue is waived on appeal unless failure to give the instruction constituted plain error.

■ There was no plain error in this case for the same reason the defense team made a tactical decision not to rely on self-defense: it was unlikely on these facts that a self-defense argument could succeed. The evidence indicates that Airman Weinmann was not a shrinking violet placed in peril through no fault of his own. The testimony depicts him as a large and vigorous young man with a bad temper. Prior to the events involved in this case, he was punished under Article 15, UCMJ, for punching another airman, and he was reprimanded for a violent display of temper while being counseled by his supervisor concerning his duty performance. On the evening of the airman's club incident he left the scene after two acrimonious en-

counters with his civilian antagonist, but then he returned and continued the confrontation. He readily agreed to go outside for what all the witnesses understood was to be mutual combat. Self-defense is not available to mutual combatants. *United States v. Wilhelm*, 36 M.J. 891 (A.F.C.M.R.1993).

The witnesses agreed that after Airman Weinmann was confronted by several hostile bystanders he could easily have left the scene but chose not to do so. His civilian antagonist was by then standing some distance away, and at some point he departed. The victim was not one of Airman Weinmann's tormentors, but a curious onlooker. Before Airman Weinmann broke the two windows or assaulted the victim, his supervisor stepped in front of him to keep him separated from the crowd and tried to persuade him to leave. Airman Weinmann chose to remain until his supervisor bodily picked him up and carried him away. Unfortunately, that did not occur until after Airman Weinmann committed his offenses.

Furthermore, this is not a case where the members were uninformed about self-defense. The military judge gave the members proper instructions on self-defense concerning the two offenses of breaking the two windows and the later assault in the barracks. All the facts concerning the situation outside the airman's club were the same for the breaking of the windows and for the beer bottle assault, which occurred in rapid and unbroken sequence. The members did not accept self-defense as a valid defense to breaking the windows; it is highly unlikely that they would have found a valid defense to the beer bottle assault based on the same facts. There was therefore a clearly understandable basis for the defense's choice of strategy, which was to argue that the evidence did not establish beyond a reasonable doubt that Airman Weinmann wielded the bottle at all, rather than to rely on self-defense. The fact that this strategy did not succeed does not change the fact that it was the product of a purposeful and rational choice. We conclude there was no possibility the failure of the military judge to tell the members that self-defense was a possible defense to the beer bottle assault had any unfairly prejudicial impact in Airman Weinmann's case. We see no miscarriage of justice that would warrant application of the plain error doctrine in this case.

## TRIAL COUNSEL'S ARGUMENT

Airman Weinmann next argues the trial counsel unfairly commented, in his closing argument on findings, upon Airman Weinmann's exercise of his right to plead not guilty. The remarks in question, which concern the assault that occurred in Airman Weinmann's barracks, were as follows:

Members of the court, Captain [S] said that the prosecution totally missed the point of Airman [D]'s testimony. Well, I'll let you judge for yourself what the point of that testimony was. What the point was of those questions about, "Well, did you see any blood on the shirt? Did you see any blood on the stairwell there, or on the balcony? Did you see anybody holding his nose? Did you see him holding his nose?" The point of that, pure and simple, was to say it didn't happen. When that theory got slammed-dunked, they turned to another one. Did it happen or didn't it? Was it self defense? Two theories there. *Defense knows what their theory ought to be.* Can't pick between the two of them, because they know what the reality is. Members of the court, the reality is that man (pointing to the accused), that man was not afraid for himself. That man was letting his temper loose again (emphasis added).

Airman Weinmann argues that this passage implied the accused should have pleaded guilty, and that it constituted an impermissible comment on his exercise of his right to plead not guilty. *See United States v. Johnson*, 1 M.J. 213 (C.M.A.1975); *United States v. Jones*, 30 M.J. 898 (A.F.C.M.R.1990). We find there is no factual basis for this assignment of error. The tenor of trial counsel's remarks was to call attention to the inconsistency between two defenses presented by the witnesses (*i.e.*, that no assault occurred, and that if

there was an assault it was self-defense). The trial participants apparently did not interpret these remarks as a comment on Airman Weinmann's exercise of his right to plead not guilty, since defense counsel raised no objection and the military judge gave no cautionary instruction. We see no significant risk that the members understood trial counsel's remark as a comment on Airman Weinmann's exercise of his right to plead not guilty.

We have examined the findings, and we find them legally and factually correct. We have given individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offenses, the character and military performance of appellant, and all the circumstances documented in the record of trial. *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982). We find the sentence, as adjudged and approved, is not inappropriate.

Accordingly, the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED

Senior Judge LEONARD and Judges JAMES and STUCKY concur.