UNITED STATES, Appellee,

v.

Specialist Edmund T. DUNLAP, 540–94–4672, United States Army, Appellant.

ACMR 9201650.

U.S. Army Court of Military Review.

14 June 1994.

For Appellant: David R. Dowell (argued); Captain Silas R. DeRoma, JAGC (on brief).

For Appellee: Captain Joel B. Miller, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Major Kenneth T. Grant, JAGC, Captain Gregory T. Baldwin, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

RUSSELL, Judge:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of distributing hashish (two specifications) and false swearing in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence consisting of a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant contends, inter alia, that: (1) his sentence is inappropriately severe, and (2) the convening authority erred when he failed to state reasons for denying appellant's request for deferment of confinement pending appeal. We agree with both contentions.

On 14 February 1992, four members of the Criminal Investigation Division were fighting the war on drugs in the Green Goose, a nightclub in Wuerzburg, Germany. Agent Riveras, in an attempt to identify soldiers who were predisposed to distribute drugs, approached several customers and subtly inquired about the availability of drugs. They just walked away. Then he approached the appellant, whom he believed to be under the influence of alcohol or drugs because his eyes were red and partially closed, he looked tired, his speech was slow, and he stated that he was "drunk and stoned." Agent Riveras engaged the appellant in a discussion from which he learned that the appellant had purchased a small amount of hashish in Frankfurt earlier that day and that the hashish was for his personal consumption. Agent Riveras, in a lawful effort to perfect a drug distribution for law enforcement purposes, solic-

ited a transfer of hashish from the appellant by asking him if he would sell some of his personal supply to him. At the same time, an unwitting CID operative, Private First Class (PFC) Jackson, was also persuading the appellant to sell him a small piece of hashish. The appellant, somewhat reluctant to part with the little hashish he had remaining, said to Riveras and Jackson, "If I sell you any, it's not going to be a good deal, because I bought this for myself." Shortly thereafter, the appellant transferred 0.6 grams of hashish to Agent Riveras in exchange for Deutschemark (DM) 50, and then 0.6 grams of hashish to PFC Jackson for DM 50.

Following his conviction, the appellant requested the convening authority to defer his sentence to confinement pending appeal. In support of his request for deferment, the appellant explained in detail and in writing that he was not a flight risk, that he was not likely to obstruct justice or intimidate witnesses, that he was needed at home to take care of his new wife and baby, and that his case was likely to receive favorable treatment upon appeal. On 30 December 1992, the convening authority initialed the request, but summarily disapproved it sub silentio by ordering the confinement executed. The appellant did not seek an explanation from the convening authority for his denial of deferment, nor did he petition this court for extraordinary relief to review the denial. The matter is raised now for the first time on routine appeal.

### I. Sentence Appropriateness

■ Appellant's two drug sales, multiplicious for sentencing, together comprise a relatively puny skirmish in the war on drugs. They were, in essence, no more than accommodation transactions suggested by the government to a predisposed, but inebriated, small-time drug user with an otherwise excellent military record. There is no evidence that the appellant was an organized drug dealer or really interested in distributing drugs for profit. Accordingly, we hold that the punishment of six years of confinement and a dishonorable discharge is inappropri-

ately severe in this case.[1] We will announce an appropriate sentence in our decretal paragraph.

## II. Deferment of Confinement

■ There is no doubt but that the convening authority erred by failing to provide a written response to the appellant detailing the reasons for the denial of the request for deferment of confinement. *United States v. Sloan*, 35 M.J. 4 (C.M.A.1992); R.C.M. 1101(c)(3). Any denial of a request for deferment is reviewable by this court for abuse of discretion. *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979). However, if the convening authority fails to state reasons for his denial, it is difficult to review the decision for abuse of discretion. Indeed, under some circumstances, such a failure itself may be found to be an abuse of discretion. *Longhofer v. Hilbert*, 23 M.J. 755 (A.C.M.R.1986). A soldier may receive an immediate remedy for such abuse of discretion by petitioning this court for extraordinary relief. *See Sullivan v. LaBoa*, 34 M.J. 593 (A.C.M.R.1992). In such cases, this court has great flexibility in finding a way to protect the substantial rights of prisoners. For example, we may return the matter to the convening authority for appropriate action; we may keep the case and review the convening authority's action for abuse of discretion in light of post facto affidavits (*Sullivan*); we may eschew the use of post facto affidavits, find a per se abuse of discretion based on the failure to state reasons alone, and then review the facts of the case de novo to determine whether denial of deferment by the convening authority was prejudicial error (*Longhofer*); or, if warranted by the relief granted on appeal, we may order deferment pursuant to our authority under the All Writs Act (*Moore v. Akins*, 30 M.J. 249 (C.M.A.1990)).

■ In this case we are satisfied that the passage of time has mooted some of the meaningful remedies that might have been available to this court if the issue had been raised in a timely fashion through a petition for extraordinary relief. *Cf. Sloan*, 35 M.J. at 12–13 (Cox, J., concurring with reservations). This is because the appellant "sat on his rights" and did not petition the convening authority or this court for redress while there was still time to exact a proper response from the convening authority. Absent either bad faith or caprice on the part of the convening authority,[2] the appellant cannot now complain that he was prejudiced by the time he spent in confinement after his right accrued to petition for extraordinary relief.

Now, almost eighteen months since the convening authority's action, conditions are changed and the evidentiary trail is cold. Thus, returning the matter to the convening authority for another action, or trying to plumb the convening authority's rationale through post facto affidavits, are not likely to produce a meaningful remedy for the appellant. We choose, therefore, to apply both the *Longhofer* and the *Moore* remedies. We will review the objective facts extant at the time of the convening authority's unexplained action to determine whether deferment should have been granted then. We will also consider whether the relief granted on appeal by this court is such that deferment would be appropriate now.

■ Considering the R.C.M. 1101(c)(3) factors, we are convinced that deferment of confinement was not appropriate when the convening authority acted. We base our conclusion on: (1) the obvious deleterious effect on good order and discipline of deferring

1. We note that the appellant enjoyed an alibi defense wherein his friends, one a "Soldier of the Year," stretched the truth or perjured themselves for his benefit. Moreover, the appellant himself impeached the findings of guilty by insisting on the truthfulness of his defense in an unsworn statement during sentencing. However, the appellant did not testify falsely under oath on the merits of this case; thus, we will not consider mendacity as a factor bearing on the appropriateness of his sentence. *United States v. Warren*, 13 M.J. 278 (C.M.A.1982).

2. Though there is no precedent for it, the appellant asks for three days' credit for each day of confinement served based solely on the convening authority's failure to state the reasons for his decision to deny deferment. Such credit might be appropriate in cases of extraordinary abuse, e.g., where a deferment denial is shown to be the product of bad faith, or patently arbitrary and capricious. However, the appellant has not alleged such abuse and there is no evidence of it in this case.

confinement for a soldier convicted of distributing drugs to other soldiers, (2) the appellant's mendacity and overall reluctance to accept responsibility for his conduct, (3) the lengthy period of adjudged confinement, (4) the great strength of the evidence militating against relief on appeal, and (5) the imposition of a dishonorable discharge that virtually eliminates the possibility of a return to service for the appellant. Moreover, considering the findings of guilty and the substantial period of appropriate confinement affirmed by this court, we are satisfied that deferment of confinement is not warranted now.

We have considered the remaining assertions of error, to include those raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The findings of guilty are affirmed. After considering the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1.

Senior Judge WERNER and Judge LANE concur.