**UNITED STATES, Appellee,**

v.

**Sergeant Donald L. GARREN, United States Army, Appellant.**

**ARMY 9700732.**

U.S. Army Court of Criminal Appeals.

9 Nov. 1998.

502

For Appellant: Colonel John T. Phelps II, JA; Lieutenant Colonel Michael L. Walters, JA; Major Holly S.G. Coffey, JA; Captain T. Michael Guiffre, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA; Captain Mary E. Braisted, JA; Major Randy V. Cargill, JA, USAR (on brief).

Before CAIRNS, Senior Judge, KAPLAN and MERCK, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Judge:

Contrary to his pleas, the appellant was found guilty by a general court-martial composed of officer and enlisted members of conspiracy to commit larceny, larceny, and false swearing in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, and 934 [hereinafter UCMJ]. The court-martial sentenced the appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to the appellant's clemency petition and the recommendation of the staff judge advocate, the convening authority approved only so much of the adjudged sentence as provides for a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1. The case is before the court for automatic review under Article 66, UCMJ.

We have considered the record of trial, the appellant's one assignment of error, his assertion that the sentence is inappropriately severe, the matter personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982), and the government's response thereto. Although we find no basis for granting relief, we will discuss the appellant's assertion that "the trial counsel impermissibly commented upon appellant's invocation of his fundamental constitutional right to plead not guilty at the beginning of the opening statement, closing argument and argument on the sentence when the trial counsel argued that this case is about an (sic) noncommissioned officer who has refused to accept responsibility for his actions."

## FACTS

A few days before Thanksgiving 1996, Private (PVT) Mantor, a friend of the appellant, informed the appellant that he was having marital difficulties and needed money to take his family to Texas over the Christmas holidays. Private Mantor asked the appellant if he knew anyone who needed mechanical work done for extra money. In response, the appellant contacted a soldier who was interested in buying a "speed bike," a type of motorcycle, for under $500.00. Private Mantor stated that for that price it would have to be stolen. The appellant and PVT Mantor agreed that PVT Mantor would steal a motorcycle; the appellant would then sell the motorcycle and give PVT Mantor $300.00.

The appellant and PVT Mantor agreed that, after PVT Mantor stole the motorcycle, he would store it in a shed adjacent to the on-post quarters in which the appellant was residing. The appellant, however, failed to leave the shed open and PVT Mantor ultimately placed the motorcycle inside the quarters. Before the motorcycle could be moved, the appellant's roommate, Sergeant Moore, returned from leave and reported finding the stolen motorcycle to the military police.

The appellant gave three statements to the criminal investigators. In his first sworn statement, dated 2 December 1996, the appellant stated that during the evening of 1 December 1996, PVT Mantor told him [the appellant] that he [PVT Mantor] was going to pick up a bike and wanted to know if he could put it in the shed behind appellant's

house. The appellant agreed. The next morning the appellant became suspicious and believed that the motorcycle was stolen. The appellant denied any knowledge of the theft and denied talking to PVT Mantor about the plan to steal the motorcycle.

In his second sworn statement, also dated 2 December 1996, the appellant indicated that he wanted to clarify his previous statement. The appellant stated that two weeks before the theft, PVT Mantor asked him if he knew anyone who wanted a motorcycle for about $300.00. The appellant contacted a soldier who indicated that he was interested but wouldn't have the money until January 1997. The appellant again denied any involvement in a plan to steal a motorcycle.

In his final sworn statement, dated 4 December 1996, the appellant admitted that he was not "completely truthful" in his previous sworn statements. The appellant admitted that he had discussions with PVT Mantor about stealing a motorcycle, but he only agreed to locate a buyer. Although the appellant agreed to allow PVT Mantor to hide the motorcycle at his quarters, he [the appellant] "thought it was a joke. [He] never imagined that [PVT Mantor] would go and steal a motorcycle."

During the trial on the merits, the appellant testified and adhered to his version of the facts contained in his third statement. The appellant was asked to explain the inconsistencies in his three statements. He testified, "the first one, I told them what they wanted to know; the second one, I told them what they wanted to know, and the third one, I realized that they was (sic) talking about what we was (sic) joking about."

During the sentencing phase of the trial, the appellant made an unsworn statement. The appellant asked for mercy; however, he stated, "deep down in my heart, I still believe that, you know, I didn't have nothing (sic) to do with this."

Three times during the trial, without objection, the trial counsel stated that the appellant failed to accept responsibility for his actions. The trial counsel, during his opening statement, noted, "this case is about an (sic) NCO [noncommissioned officer] who has refused to accept responsibility for his actions." At the beginning of the trial counsel's findings argument, he stated, "I [trial counsel] told you this case was about an (sic) NCO who has failed to accept responsibility for his actions. That's what the proof has been." Finally, at the beginning of the trial counsel's sentencing argument, he pointed out, "the constant theme in this case has been an (sic) NCO who has failed to accept responsibility for what he has done. Even in his unsworn statement, he still is not accepting responsibility for what he has done."

## DISCUSSION

The asserted error we address is whether, under the particular facts of this case, the trial counsel impermissibly commented upon the appellant's fundamental right to plead not guilty during any of the three occasions in which he made reference to the accused "not accepting responsibility for what he has done." It is well established that a defendant has the fundamental right to plead not guilty at a criminal trial, and the trial counsel may not comment on a defendant's exercise of this right during his opening statement and arguments on findings or sentence. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *United States v. Clifton,* 15 M.J. 26 (C.M.A. 1983); *United States v. Johnson,* 1 M.J. 213 (C.M.A.1975); and *United States v. Jones,* 30 M.J. 898 (A.F.C.M.R.1990).

A counsel, during opening statement, must limit his remarks to evidence he expects to be offered and "believe[s] in good faith will be available and admissible...." *See* Rule for Courts–Martial 913(b) and its discussion [hereinafter R.C.M.]. During findings argument, the trial counsel, inter alia, may not comment upon an accused exercising a fundamental right; however, he may properly comment upon the evidence and the inferences to be drawn therefrom. *See* R.C.M. 919(b) and its discussion.

We find that the trial counsel's reference to the appellant "not accepting responsibility for what he has done" during his opening statement and findings argument did not constitute an impermissible comment on the appellant's exercise of his right to plead not

guilty. Rather, the trial counsel's remarks called attention to the appellant's inconsistencies in his statements to the criminal investigators. The defense counsel made no objection and the judge gave no limiting instruction. This court is convinced that the members did not take these remarks as a comment on the accused's right to plead not guilty.* *United States v. Weinmann*, 37 M.J. 724 (A.F.C.M.R.1993); *United States v. Standifer*, 31 M.J. 742 (A.F.C.M.R.1990).

In the trial counsel's sentencing argument, he again stated that this case was about the appellant not taking responsibility for his actions and "in his unsworn statement, he still is not accepting responsibility for what he has done." In the appellant's unsworn statement, the appellant stated that "deep down in [his] heart" he was not guilty. The military judge, upon the request of the trial counsel, without objection from the defense counsel, gave the following instruction on mendacity:

No person, including the accused, has a right to seek to alter or affect the outcome of a court-martial by false testimony. You are instructed that you may consider this issue only within certain constraints. First, this factor should not play no (sic) factor whatsoever in your determination of an appropriate sentence unless you conclude that the accused did lie under oath to the court. Second, such lies must have been, in your view, willful and material before they could be considered in your deliberations. Finally, you may consider this factor insofar as you conclude that it, along with all other circumstances in the case, bears upon the likelihood that the accused can be rehabilitated. You may not mete out additional punishment for the false testimony itself.

■ This instruction correctly points out that mendacity may be considered only as it affects the accused's rehabilitative potential, not to increase the punishment. *United States v. Warren*, 13 M.J. 278 (C.M.A.1982); *United States v. Cabebe*, 13 M.J. 303 (C.M.A. 1982). *See also United States v. Holt*, 33 M.J. 400, 408 (C.M.A.1991) (holding that in a case in which the relevance is clear, the defendant's resolute denial of guilt after findings is a proper consideration of the court in evaluating rehabilitative potential, and "where a proper foundation is laid, such testimony is appropriate for the members' consideration, just as is other relevant evidence of the impact on the victim of the accused's crime."); R.C.M. 1001(b)(4) and (g) and their discussions.

■ Additionally, trial counsel may comment upon, and the court may consider, an accused's lack of remorse in determining an accused's rehabilitative potential if the following foundation has been laid: "an accused has either testified or has made an unsworn statement and has either expressed no remorse or his expression of remorse can be arguably construed as being shallow, artificial, or contrived." *United States v. Edwards*, 35 M.J. 351, 355 (C.M.A.1992) (cites omitted).

■ This court is convinced that the trial counsel's sentencing argument, under the facts of this case, was not an inappropriate comment on the appellant's fundamental right to plead not guilty. Trial counsel's argument was an observation of the appellant's mendacious trial testimony and lack of remorse during the sentencing phase of the trial. *See United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *United States v. Toro*, 37 M.J. 313 (C.M.A.1993)(citing with approval *United States v. Edwards*, 35 M.J. 351 (C.M.A. 1992)).

■ When trial counsel comments either upon the mendacity of an accused's trial testimony or his lack of remorse during the sentencing phase of the trial, he must be ever cautious that any such statement is based on a reasonable inference drawn from the evidence. Trial counsel must not cross the line and comment upon an accused's fundamental right to plead not guilty. This can be a dangerously thin line which trial counsel crosses at his own peril and risks reversal.

---

* Although the trial counsel's statements, under the facts of this case, were not improper, this court reminds all military judges to interrupt counsel who improperly comment on a fundamental right of an accused during opening statement or argument and take immediate corrective action.

*See Edwards,* 35 M.J. at 354, 356; *United States v. Warren,* 13 M.J. 278 (C.M.A.1982)(cited with approval in *U.S. v. Dunlap,* 39 M.J. 1120, 1122 n. 1 (A.C.M.R. 1994)).

Even if, assuming arguendo, the trial counsel made an improper comment during his opening statement and findings or sentence arguments, such error was waived by defense counsel's failure to object unless it amounted to plain error. To constitute plain error, the error must be obvious and substantial and have had an unfair prejudicial impact on the court members. *See United States v. Powell,* —— M.J. —— (1998); *United States v. Fisher,* 21 M.J. 327 (C.M.A. 1986). *But see United States v. Thompson,* 37 M.J. 1023 (A.C.M.R.1993)(holding that prejudice is not always necessary if the error involves the integrity of the judicial system. Trial counsel's racist sentencing argument was determined to be plain error, warranting a sentence rehearing.) Under the facts of this case, given the overwhelming evidence of the appellant's guilt, trial counsel's comments provide the appellant no basis for relief.

The remaining allegations of error, to include those raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge KAPLAN concur.