UNITED STATES, Appellee,

v.

Donald L. GARREN, Sergeant,
U.S. Army, Appellant.

No. 99–0418.
Crim.App. No. 9700732.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 13, 2000.

Decided June 29, 2000.

CRAWFORD, C.J., delivered the opinion of the Court, in which SULLIVAN, GIERKE, and EFFRON, JJ., and COX, S.J., joined.

For Appellant: *Captain Donald P. Chisholm* (argued); *Colonel Adele H. Odegard* and *Major Scott R. Morris* (on brief); *Colonel John T. Phelps II* and *Captain Kirsten V. Campbell–Brunson.*

For Appellee: *Captain Katherine M. Kane* (argued); *Colonel Russell S. Estey, Lieutenant Colonel Eugene R. Milhizer* and *Captain Kelly R. Bailey* (on brief).

Chief Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by an officer and enlisted panel of conspiracy, larceny of a motorcycle, and false swearing, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 921, and 934, respectively. Appellant was sentenced to a bad-conduct discharge, 5 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to 3 years but otherwise approved the sentence. The Court of Criminal Appeals affirmed the findings and sentence. 49 MJ 501 (1998). We granted review of the following issue:

WHETHER THE TRIAL COUNSEL IMPERMISSIBLY COMMENTED UPON APPELLANT'S INVOCATION OF HIS FUNDAMENTAL, CONSTITUTIONAL RIGHT TO PLEAD NOT GUILTY AT THE BEGINNING OF THE OPENING STATEMENT, CLOS-

ING ARGUMENT, AND ARGUMENT ON THE SENTENCE, WHEN THE TRIAL COUNSEL ARGUED THAT THIS CASE IS ABOUT A NONCOMMISSIONED OFFICER WHO HAS REFUSED TO ACCEPT RESPONSIBILITY FOR HIS ACTIONS.

## FACTS

In his opening statement, trial counsel said: "Mr. President, members of the panel, this case is about an NCO who has refused to accept responsibility for his actions." Also in his opening statement, trial counsel referred to three separate statements appellant made to criminal investigators, two on December 2, 1996, and one on December 4, 1996, ranging from denying participation in the larceny to denying any belief that the motorcycle would be stolen to finally claiming he thought it was all a joke.

Trial counsel also opened his final argument with the same theme:

Mr. President, members of the panel. This morning when we started this case I told you this case was about an NCO who has failed to accept responsibility for his actions. That's what the proof has been.

Further, trial counsel's closing argument focused on appellant's lack of credibility, based upon the three statements made by appellant to criminal investigators, as well as his trial testimony that he thought his suggestion to steal the motorcycle was a joke.

Finally, trial counsel used the same theme during his sentencing argument. He opened as follows:

Thank you. Mr. President, members of the panel, the constant theme in this case has been an NCO who has failed to accept responsibility for what he has done. Even in his unsworn statement, he still is not accepting responsibility for what he has done.

The basis for this comment was appellant's sentencing testimony during his unsworn statement in which he said, "[D]eep down in my heart, I still believe that, you know, I didn't have nothing to do with this. I really do."

## DISCUSSION

■ In his opening statement, closing argument on findings, and sentencing argument, trial counsel repeated the theme that appellant was a noncommissioned officer who would not accept responsibility for his conduct. Appellant did not object at trial, but now styles trial counsel's theme as inappropriate comment upon appellant's constitutional right to plead not guilty. Appellant's argument is premised on his conclusion that trial counsel's argument commented on appellant's right to plead not guilty.

All of the charges upon which appellant was arraigned related to a stolen motorcycle. The false swearing charge, however, was based upon appellant's three varying statements to criminal investigators. Thus, from the outset, this trial dealt with appellant's lies about his criminal responsibility.

In the absence of any objection that would have shed additional light on the meaning and intent of trial counsel's argument, we will evaluate whether appellant has met his burden to establish that there was plain or obvious error materially prejudicing his substantial rights. *United States v. Powell,* 49 MJ 460 (1998).

It is telling that in the findings argument, trial counsel referred immediately to "proof" that appellant did not take responsibility for his criminal conduct. The opening statement was fair comment on what trial counsel expected to show and what he was in fact required to show to establish guilt beyond a reasonable doubt. The findings argument simply affirmed that trial counsel met his burden as he promised in his opening statement.

As the Army Court of Criminal Appeals stated in its opinion:

We find that the trial counsel's reference to the appellant "not accepting responsibility for what he has done" during his opening statement and findings argument did not constitute an impermissible comment on the appellant's exercise of his right to plead not guilty. Rather, the trial counsel's remarks called attention to the appellant's inconsistencies in his statements to the criminal investigators.

49 MJ at 503–04. We agree that trial counsel's opening remarks and final argument, under these facts, did not constitute improper comment on appellant's right to plead not guilty.

■ As to the sentencing argument, trial counsel continued to comment fairly upon the evidence, the charges, and appellant's unsworn statement. The Army Court of Criminal Appeals noted that,

> [a]dditionally, trial counsel may comment upon, and the court may consider, an accused's lack of remorse in determining an accused's rehabilitative potential if the following foundation has been laid: "an accused has either testified or has made an unsworn statement and has either expressed no remorse or his expression of remorse can be arguably construed as being shallow, artificial, or contrived." *Unit-*

*ed States v. Edwards,* 35 MJ 351, 355 (CMA 1992) (cites omitted).

*Id.* at 504. We agree that trial counsel's sentencing argument that appellant did not accept responsibility was wholly fair and accurate under the circumstances of this case and did not constitute improper comment on appellant's right to plead not guilty.

The evidence in this case was overwhelming. The issue centered around appellant's statements to investigators as to whether he was merely joking or really instigating the theft of the motorcycle. There is adequate reason on the record to reject appellant's "joking" explanation. Thus, we hold that appellant's substantial rights were not materially prejudiced, and there was no plain error.

The decision of the United States Army Court of Criminal Appeals is affirmed.